## FEYEN CONSTRUCTION COMPANY v. RELIANCE BRICK COMPANY.[1]

January 16, 1925.

No. 24,329.

**Damages for breach of contract.**
1. The making of the contract and its breach were conclusively established, and the court correctly instructed the jury to assess plaintiff's damages and return a verdict therefor.

**Rulings of trial court correct.**
2. No errors in the rulings.

Action in the district court for Brown county to recover $5,472.50 for breach of contract.   The case was tried before Olsen, J., who directed a verdict in favor of plaintiff for damages to be found by

[1]Reported in 201 N. W. 926.

the jury. From an order denying its motion for judgment notwithstanding the verdict for $2,763.53 or for a new trial, defendant appealed. Affirmed.

*Mueller & Erickson*, for appellant.

*Somsen, Dempsey & Flor*, for respondent.

TAYLOR, C.

Action for breach of contract in failing to deliver paving brick. The trial court directed the jury to find the amount of plaintiff's damages and return a verdict therefor. They returned a verdict for $2,763.53. Defendant appealed from an order denying a new trial.

The defendant, a Minnesota corporation with its place of business in the city of Minneapolis, was engaged in selling brick and tile as a broker or jobber, and dealt in brick and tile manufactured by the Flint Brick Company of Des Moines, Iowa. R. R. Colburn was secretary, treasurer and manager of the company, and apparently conducted all its business affairs, as all its other officers were nonresidents. The company, by contract in writing, appointed J. T. Harrington of St. Paul its exclusive sales agent for Ramsey county and several other counties.

The plaintiff, also a Minnesota corporation, is a contractor, and among other things takes contracts for grading and paving. H. M. Feyen is its manager. The city of St. Paul advertised for bids for paving with brick a section of Sixth street extending east from a bridge which carries that street over the tracks of several railroads, the bids to be opened at 11 o'clock July 9, 1923. Plaintiff had previously contracted with defendant through Harrington for the brick with which to pave the bridge. Feyen told Harrington that he intended to bid on the paving and asked Harrington for the price for which defendant would furnish the brick. Harrington said he would get the price from defendant at Minneapolis. On the morning of July 9, 1923, Feyen went to Harrington's office with his bid prepared as far as it could be until he knew the price of the brick and asked for the price. Harrington called defendant's office by telephone and asked the price at which they would furnish Feyen paving brick for another job. He was answered by M. A. Randall,

the chief clerk, who, by direction of Colburn, gave him the price of $38 per thousand. Thereupon Harrington made a written proposition to plaintiff, signed in the name of defendant by him as manager of the St. Paul office, to furnish the brick for the job at that price. Feyen completed and submitted his bid. It was the lowest and the contract was awarded to plaintiff. That same evening Feyen informed Harrington that he had obtained the contract and that the proposition of defendant to furnish the brick was accepted. Harrington replied that the brick would be furnished.

Plaintiff started to perform the paving contract and in due time demanded the brick. Defendant refused to furnish them, for the reason that the Des Moines Flint Brick Company refused to furnish brick for city work in the city of St. Paul. Plaintiff was compelled to procure the brick elsewhere at an increased cost.

Defendant contends that Harrington had no authority to contract to furnish brick for municipal work, but his contract with defendant contains no such restriction, and furthermore he was expressly authorized to make the contract in question.

Defendant further contends that all that defendant did was to make a proposal, and that the question whether a contract was actually entered into was a question for the jury. The facts are undisputed and, as said by the learned trial court, conclusively establish the making of the contract. If defendant's arrangement with the Des Moines Company was such that it could not furnish brick for municipal work, that fact was not communicated to plaintiff nor to Harrington.

The only question of fact for determination at the conclusion of the trial was the amount of damages. That was submitted to the jury and no complaint is made in respect to the amount awarded.

We find no merit in defendant's claim of error in permitting Colburn to be called for cross-examination under the statute, for plaintiff made him its own witness when it appeared that he was no longer an officer of defendant.

Neither do we find any merit in the exceptions to the rulings on the admission of testimony. Any lack of foundation at the time the questions were asked was amply supplied later.

Order affirmed.